| | |
|---|---|
| | **UNITED STATES DISTRICT COURT** |
| | **FOR THE EASTERN DISTRICT OF CALIFORNIA** |
| SLY VAN BATTEN,<br><br>Plaintiff,<br><br>v.<br><br>FRESNO SUPERIOR COURT, et al.,<br><br>Defendants. | No. 1:21-cv-00693-NONE-EPG (PS)<br><br><u>SCREENING ORDER</u><br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S COMPLAINT BE DISMISSED FOR FAILURE TO STATE A CLAIM, WITHOUT LEAVE TO AMEND<br><br>(ECF NO. 1)<br><br>TWENTY-ONE-DAY DEADLINE |

Plaintiff Sly Van Batten ("Plaintiff") is a state inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 26, 2021. (ECF No. 1). The complaint brings claims for money damages in relation to his sentence. The Court finds that the complaint fails to state any cognizable claims. The Court further finds that Plaintiff's complaint cannot be cured by amendment and therefore recommends dismissing the complaint without leave to amend.

Plaintiff has twenty-one (21) days from the date of entry of these findings and recommendations to file any objections.

///

///

1

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

## II. ALLEGATIONS IN THE COMPLAINT

Plaintiff's complaint alleges as follows:

///

///

2

### A. First Claim

On November 2, 1993, Plaintiff was convicted and sentenced to juvenile detention for four months. Plaintiff was then given a strike on August 18, 1995 for a 459/460 (A) felony violent strike. Plaintiff was sentenced for diagnostic observation. Plaintiff has been scarred and injured mentally and emotionally for 28 years. Plaintiff brings this claim against an unnamed Fresno County Superior Court judge.

### B. Second Claim

On August 18, 1995, the district attorney in case number 53532-5 violated Plaintiff's rights by giving him a strike on a 1993 PC 211 court case # 71248-9. He was only seventeen years old. Plaintiff should not have been given a strike.

### C. Third Claim

Plaintiff's attorney violated his rights by letting the Fresno Superior Court give him a strike on a prior conviction on November 2, 1993. On August 18, 1995, Plaintiff's attorney talked him into pleading no contest for a 459/460(A) so at the time of that year, Plaintiff did not know what was going on.

Thus, the crux of Plaintiff's three claims is that he was convicted as a juvenile on November 2, 1993. Plaintiff pleaded no contest to a subsequent charge and was sentenced on August 18, 1995. At that sentencing, Plaintiff's 1993 conviction counted as a strike. Plaintiff believes doing so violated Plaintiff's rights and brings claims against an unnamed Fresno County Superior Court judge, an unnamed district attorney, and an unnamed attorney.

### III. SECTION 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490

U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

**IV. ANALYSIS OF PLAINTIFF'S CLAIMS**

**A. Claims One and Two: Judicial Immunity**

Plaintiff brings claims against an unnamed judge and district attorney as defendants in his complaint. Judges and prosecutors are immune from liability under § 1983 when they are

4

functioning in their official capacities under proper jurisdiction. *See Imbler v. Pactman*, 424 U.S. 409, 427 (1976); *see also Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities."); *Ashelman v. Pope*, 793 F.2d 1072, 1075-77 (9th Cir. 1986) (noting that judges are generally immune from § 1983 claims except when acting in "clear absence of all jurisdiction...or performs an act that is not 'judicial' in nature," and prosecutors are generally immune unless acting without "authority") (internal citations omitted); *Walters v. Mason*, No. 2:15-CV-0822-KJM-CMK, 2017 WL 6344319, at *2 (E.D. Cal. Dec. 12, 2017) (same); *Forte v. Merced Cty.*, No. 1:15-CV-0147 KJM-BAM, 2016 WL 159217, at *12–13 (E.D. Cal. Jan. 13, 2016) ("prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the state"), report and recommendation adopted, No. 1:15-CV-0147-KJM-BAM, 2016 WL 739798 (E.D. Cal. Feb. 25, 2016). Where a prosecutor acts within his authority " 'in initiating a prosecution and in presenting the state's case,' absolute immunity applies." *Ashelman*, 793 F.2d at 1076 (quoting *Imbler*, 424 U.S. at 431). This immunity extends to actions during both the pre-trial and posttrial phases of a case. *See Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984).

In Plaintiff's first and second claims, Plaintiff seeks money damages from the judge and district attorney based on the allegation that they improperly used an earlier conviction in calculating his sentence in 1995. These allegations are consistent with the judge and district attorney defendants functioning in their official capacities. Thus, these two claims both fail to state a cognizable claim for damages under section 1983.

**B.     Claim Three: Liability for Public Defenders and Private Attorneys**

Plaintiff has asserted claims against various public defenders and a private attorney. Section 1983 claims against public defenders and the private attorney are not cognizable because they are private individuals for purposes of section 1983, and therefore do not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that public defenders performing traditional functions of representation do not act under color of state law for purposes of civil rights actions); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003)

("We therefore affirm the district court's dismissal of the complaint against the Assistant Public Defender, Rigsby, on the ground that, as a matter of law, he was not a state actor."). Accordingly, Plaintiff's claims against his attorney fails.

**C.  *Heck* Bar**

Plaintiff's claims appear to challenge the validity of his sentence.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. This "favorable-termination rule" laid out in *Heck* preserves the rule that claims which, if successful, would necessarily imply the invalidity of a conviction or sentence, must be brought by way of a petition for writ of habeas corpus, after exhausting appropriate avenues for relief. *Muhammad v. Close*, 540 U.S. 749, 750-751 (2004). Some Ninth Circuit cases, however, suggest that *Heck* is inapplicable when the challenged conviction or sentence was due to a plea agreement. *See Lockett v. Ericson*, 656 F.3d 892, 896–97 (9th Cir. 2011).

Plaintiff appears to allege that a 1993 conviction improperly counted as a strike at his 1995 sentencing. It thus appears that Plaintiff's claims may be barred by *Heck*.[1]

**D.  Statute of Limitations**

California's two-year statute of limitations for personal injury actions applies to § 1983 claims brought in this state. *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014); Cal. Code Civ. Proc. § 335.1. The court also must give effect to a state's tolling provisions. *See Hardin v. Straub,* 490 U.S. 536, 543–44 (1989); *Marks v. Parra,* 785 F.2d 1419, 1419–20 (9th Cir.1986). California Civil Procedure Code section 352.1(a) tolls the statute of limitation when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life." The tolling is not indefinite, however; section 352.1(a) delays the accrual for a maximum of two years. *See id.* Thus, if Plaintiff is an inmate

---

[1] To the extent Plaintiff's challenged sentence is due to a no-contest plea, *Heck* may be inapplicable. *See Lockett*, 656 F.2d at 896-97 (discussing inapplicability of *Heck* bar to convictions or sentences resulting from guilty or no-contest pleas.

6

entitled to tolling under section 352.1(a) (which the Court assumes without deciding) has four years to bring a § 1983 claim in California, *i.e.*, the regular two-year period plus two years during which accrual was postponed due to the disability of imprisonment.

Federal law determines when Plaintiff's section 1983 claim accrued. *See Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). The Ninth Circuit has determined that a claim accrues when the plaintiff knows, or should know, of the injury that is the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). Under this "discovery rule," the statute begins to run once a plaintiff knows of his injury and its cause. *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986). A claim accrues upon awareness of an actual injury, "and not when the plaintiff suspects a legal wrong." *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1049 (9th Cir. 2008).

"A claim can be dismissed for failure to state a valid claim when a violation of the limitations period is evident from the face of the complaint." *E.E.O.C. v. ABM Indus. Inc.*, 249 F.R.D. 588, 591 (E.D. Cal. 2008) (citing *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)); *accord Cervantes v. City of San Diego,* 5 F.3d 1273, 1276 (9th Cir. 1993).

Here, Plaintiff knew of his actual injury—namely, his sentence—at his sentencing on August 18, 1995. His deadline to file a claim was, accordingly, August 18, 1999. Thus, Plaintiff's April 26, 2021 complaint was filed over twenty-one years after the statute of limitations expired. As such, his claims are time-barred by the statute of limitations. *See Reviere v. Fleming*, 2013 WL 1758918, at *2 (N.D. Cal. April 24, 2013) (finding inmate's section 1983 action concerning alleged wrong-doing in connection with a 1999 criminal appeal and 2000 federal habeas petition were time barred); *Rodgers v. Superior Ct. of San Diego*, 2017 WL 890469, at *3 (S.D. Cal. Mar. 1, 2017) (complaint was barred by statute of limitations because "Plaintiff claims he was denied his constitutional rights when he was sentenced in 2002. Therefore, he had 'reason to know' the basis of his cause of action in 2002 but did not file this case until November 21, 2016— more than a decade after the limitations period elapsed." (citation omitted)).

\\\

\\\

## V. LEAVE TO AMEND

Under Federal Rule of Civil Procedure 15(a)(2), "the court should freely give leave [to amend] when justice so requires." However, "[i]f a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency. A district court does not err in denying leave to amend where the amendment would be futile." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quotation marks omitted).

Here, Plaintiff brings claims against Defendants who are immune from liability, and it is clear from the face of the complaint that Plaintiff's claims are barred by the statute of limitations. No additional facts consistent with this pleading would cure the deficiencies the Court has noted. Further, it is also possible that Plaintiff's claims are barred by the *Heck* doctrine. Thus, the Court recommends denying leave to amend because an amendment would be futile.

## VI. CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, it is HEREBY RECOMMENDED that Plaintiff's complaint be dismissed for failure to state a claim, without leave to amend.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 3, 2021**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE